IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NELSON L. BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13 C 3608 |
| v. ) | |
| ) | Judge Amy St. Eve |
| THOMAS DART, Sheriff of Cook County ) | |
| and COOK COUNTY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

### ORDER

The Court denies Defendant's amended motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) [22]. Defendants shall answer by 11/19/13. Status hearing set for 12/17/13 is stricken and reset to 11/20/13 at 8:30 a.m.

### STATEMENT

On August 5, 2013, Plaintiff Nelson L. Bryant, who is a detainee at Cook County Jail, brought the present Amended Complaint alleging violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, against Defendant Cook County Sheriff Thomas Dart in his official capacity.[1] Before the Court is Defendant's amended motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies Defendant's motion.

### LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations

---

[1] Cook County is a Defendant to this lawsuit because it is an indispensable party due to Illinois law requiring the County to pay judgments entered against a sheriff's office in its official capacity. *See Askew v. Sheriff of Cook County,* 568 F.3d 632, 636 (7th Cir. 2009); *Carver v. Sheriff of LaSalle County,* 324 F.3d 947, 948 (7th Cir. 2003); 55 ILCS 5/5–1002.

must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). In ruling on a Rule 12(b)(6) motion, district courts may also consider documents attached to the pleadings without converting the motion into a motion for summary judgment, as long as the documents are referred to in the complaint and central to the claims. *See Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 556 (7th Cir. 2012); Fed.R.Civ.P. 10(c).

## BACKGROUND

In his Amended Complaint, Bryant alleges that he has been a detainee in Cook County Jail since 2008. (R. 17, Am. Compl. ¶ 5.) He further alleges that when Cook County Jail medical personnel processed him, they determined that he was disabled and required the assistance of a hearing aid. (*Id*. ¶ 6.) The medical personnel then made the decision to permit him to possess his hearing aid while he was in the Cook County Jail. (*Id*.)

Bryant also maintains that from 2008 until the present, Cook County Jail personnel did not assign him to an "ADA complaint" housing unit and that after 2010 personnel did not provide him with his hearing aid. (*Id*. ¶¶ 8, 9.) More specifically, following his assignment to a non-ADA compliant housing unit, Bryant alleges that jail personnel confiscated his hearing aid in a shakedown in 2010. (*Id*. ¶ 10.) Bryant further alleges that he complained to correctional staff and filed numerous grievances about his need for his hearing aid. (*Id.*) As a result, Bryant contends that he was deprived programs and services available to other detainees — he was unable to enjoy television in the dayroom, he had extreme difficulty interacting with persons on his tier, and he was unable to be engaged in routine activities on the tier, such as being able to respond to the fire alarm. (*Id*.)

As a result, Bryant alleges that he has suffered pain, has had difficulty sleeping, and was unable to meaningfully participate in his criminal defense. (*Id*. ¶ 11.) Moreover, notwithstanding his complaints and grievances, Bryant contends that he remains at the Cook County Jail in a non-ADA compliant housing unit and that his living unit does not have accommodations such as a TDD (telecommunications device for the deaf), TTY (text telephones), or a dayroom television with closed-captioning. (*Id*. ¶ 12.)

## ANALYSIS

In the present motion to dismiss, Defendant Dart argues that Bryant has failed to state a valid claim under the ADA and Rehabilitation Act. *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (relief under ADA and Rehabilitation Act is coextensive). To state a claim under the ADA and Rehabilitation Act, Bryant need only allege that (1) he is a qualified

2

person, (2) with a disability, and (3) the Cook County Jail denied him access to an activity or program because of his disability. *See id*. at 672. Disability is defined as the limitation of one or more major life activities, which include seeing, hearing, eating, sleeping, walking, standing, lifting, bending, or communicating. *See E.E.O.C. v. Lee's Log Cabin, Inc.,* 546 F.3d 438, 442 (7th Cir. 2008); 42 U.S.C. § 12102(2)(A).

In his motion to dismiss, Defendant Dart does not challenge Bryant's status as a qualified individual with a disability. Instead, Defendant Dart argues that Bryant cannot show that he was denied services, programs, or activities based on his disability. In addition, Defendant argues that there is no evidence underlying Bryant's allegations. Defendant, however, misunderstands the legal standard governing Rule 12(b)(6) motions to dismiss. Bryant need not "show" that he was denied these activities or present evidence at this procedural posture, rather, Bryant "must plead facts which plausibly (even if improbably) support each element of his claim." *Jaros,* 684 F.3d at 672; *see also Iqbal*, 556 U.S. at 678 ("complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (citation omitted).

In any event, Defendant argues that Bryant has failed to properly allege that the Cook County Jail denied him access to an activity, service, or program based on his disability because Bryant did not allege a physical injury as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). *See Koger v. Bryan,* 523 F.3d 789, 804 (7th Cir. 2008). Here, Bryant alleges that he suffered personal injuries, experienced pain, and had difficulty sleeping. (Am. Compl. ¶ 11.) Also, Bryant attaches an October 2, 2009 detainee grievance to his response brief in which he stated that he was bleeding from his ear and that because he cannot hear, he fears for his life. (R. 25-1, Ex. 1, 10/2/2009 grievance.) Because this grievance is mentioned in Bryant's Amended Complaint and is central to his claim, the Court considers it in the context of the present Rule 12(b)(6) motion. *See Wigod,* 673 F.3d at 556; *McCready v. eBay, Inc.,* 453 F.3d 882, 892 (7th Cir. 2006). Viewing Bryant's allegations of personal injury, pain, lack of sleep, and a bleeding ear in a light most favorable to Bryant, he has alleged sufficient facts that he suffered a physical injury. Moreover, as the Seventh Circuit teaches, a "physical injury ... is not a filing prerequisite for the federal civil action itself." *Thomas v. Illinois,* 697 F.3d 612, 614 (7th Cir. 2012) (citation omitted).

Next, Defendant argues that Bryant has not sufficiently alleged that the Cook County Jail denied him the benefits of services, programs, or activities under the ADA and Rehabilitation Act. "Although the ADA does not explicitly define 'services, programs, or activities,' the regulations promulgated pursuant to the act state that 'title II applies to anything a public entity does.'" *Oconomowoc Residential Programs v. City of Milwaukee,* 300 F.3d 775, 782 (7th Cir. 2002) (citation omitted). As the Supreme Court explains, "[m]odern prisons provide inmates with many recreational 'activities,' medical 'services,' and educational and vocational 'programs,' all of which at least theoretically 'benefit' the prisoners (and any of which disabled prisoners could be "excluded from participation in")." *Pennsylvania Dep't of Corr. v. Yeskey,* 524 U.S. 206, 210, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998).

In his Amended Complaint, Bryant, as a hearing-impaired person, has sufficiently alleged

that the jail denied him access to telephone services via TDD or TTY. *See* 42 U.S.C. § 12103(1)(A); 28 C.F.R. § 35.104(1) (defining auxiliary aids and services to include text telephones); *see, e.g., Chisolm v. McManimon*, 275 F.3d 315, 329 (3d Cir. 2001). Also, Bryant has sufficiently alleged that the Cook County Jail denied him access to the courts because without his hearing aid, there was a physical barrier resulting in his inability to meaningfully participate in his criminal defense. *See Tennessee v. Lane,* 541 U.S. 509, 522-23, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004) (Title II of the ADA "also seeks to enforce a variety of other basic constitutional guarantees, infringements of which are subject to more searching judicial review...like the right of access to the courts.").[2] Because Bryant has sufficiently alleged that the Cook County Jail denied him the benefits of services, programs, or activities, the Court need not address Defendant's specific argument that television is not a "service" or "activity" within the meaning of Section 12132.

On a final note, Defendant Dart argues that the Cook County Jail has complied with the ADA's regulations under the circumstances. Defendant's argument attempts to refute Bryant's factual allegations, and it is well-established that factual questions are best left for summary judgment after the parties have developed the record. *See Stalter v. Wal–Mart Stores, Inc.,* 195 F.3d 285, 290 (7th Cir. 1999).

**Dated:** October 29, 2013

_____
**AMY J. ST. EVE**
**United States District Court Judge**

---

[2] Because Bryant is bringing this claim against the Cook County Sheriff, there are no Eleventh Amendment issues as discussed in *United States v. Georgia,* 546 U.S. 151, 159, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006).